IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| GARY CAMERON ET AL. | § | |
| | § | |
| v. | § | CASE NO. 9:19-CV-217-MJT |
| | § | |
| TYLER COUNTY, TEXAS ET AL. | § | |
| | § | |

## ORDER ADOPTING IN PART AND OVERRULING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Prior to transfer to the undersigned, Senior United States District Judge Ron Clark referred this case to the Honorable Keith Giblin, United States Magistrate Judge, for entry of findings of fact and recommended disposition on case-dispositive matters. On August 11, 2020, Judge Giblin issued a Report and Recommendation in which he recommended that the Court deny the Defendants' Motion to Dismiss, subject to Plaintiffs repleading their malicious prosecution cause of action. (Doc. #18). To date, the parties have not filed objections to the report. Pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and *Thomas v. Arn*, 474 U.S. 140, 154 (1985), the Court conducted a *de novo* review of the magistrate judge's report and the record in this cause. The Court agrees in part and disagrees in part with Judge Giblin's recommended disposition. In the Report and Recommendation, Judge Giblin recommends dismissal of the Plaintiff's malicious prosecution cause of action as pled but concludes that the Plaintiffs should be permitted to replead their malicious prosecution cause of action. (Doc. #18, at 11).

In their original complaint, Plaintiffs assert, among other things, a state law claim of malicious prosecution against both Tyler County and the individual defendants. The Texas Tort Claims Act ("TTCA") explicitly states that it does not extend its limited waiver of immunity to claims "arising out of assault, battery, false imprisonment, or any other intentional tort." TEX. CIV.

PRAC. & REM. CODE § 101.057. Malicious prosecution is an intentional tort under Texas law. *See Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 792 (Tex. 2006) (stating that, to prove the tort of malicious prosecution, "the plaintiff must prove not only that the defendant commenced criminal proceedings against her and she is innocent of the crime charged, but also that the defendant lacked probable cause and *harbored malice* toward her." (emphasis added)); *Walker v. Hartman*, 516 S.W.3d 71, 81 (Tex. App.—Beaumont 2017, pet. filed) ("Malicious prosecution is an intentional tort"). As malicious prosecution is an intentional tort, the County and the individuals in their official capacities are entitled to governmental immunity on this claim.

The malicious prosecution claim against the individual defendants must be dismissed as well. Pursuant to Section 101.106 of the TTCA, a plaintiff must "decide at the outset [of a lawsuit] whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). Section 101.106 of the TTCA provides in relevant part:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
> \* \* \*
> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE § 101.106; *accord Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at 656–57. Thus, "when TTCA claimants elect to include the governmental unit as a party to a suit, whether alone or in conjunction with a governmental employee, TTCA claimants have made an irrevocable election of remedies that they will look solely to the governmental unit for compensation for [the] injury." *Williams v. City of Port Arthur, Tex.*, No. 1:10-CV-823, 2012 WL

1997867, at *19 (E.D.Tex. June 1, 2012) (Crone, J.). All common-law tort theories alleged against a governmental unit are assumed to be under the Tort Claims Act for purposes of section 101.106. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 463 (5th Cir. 2010).

Here, upon filing of their initial complaint, Plaintiffs made an irrevocable election under Section 101.106(a) and forever relinquished his right to recover "against any individual employee of the governmental unit regarding the same subject matter." *See* TEX. CIV. PRAC. & REM. CODE § 101.106; *Alcala v. Tex. Webb Cnty.*, 620 F. Supp. 2d 795, 807–08 (S.D.Tex. 2009) (holding that in the context of a motion to amend the complaint, that once the plaintiff makes an election under Section 101.106, the decision cannot be rescinded by a subsequent amendment); *Flores v. Sanchez*, No. EP–04–CA–056–PRM, 2005 WL 1404163, at *3 n.6 (W.D.Tex. June 14, 2005) (stating that plaintiffs must abide by their initial decision and its consequences under § 101.106)).

Furthermore, because of this irrevocable election, Plaintiffs cannot be allowed the opportunity to replead their malicious prosecution cause of action at this point. No amended pleading can moot their initial election, which must be and was made at the outset of litigation. *See Van Deelen v. Cain*, 628 F. App'x 891, 900 (5th Cir. 2015); *Alcala*, 620 F. Supp. 2d at 809 (holding that Plaintiffs could not be allowed leave to amend in order to pursue their state law claims solely against the individual employees in their personal capacities because it would cause the individual Defendants to be unduly prejudiced and would severely undermine the state of Texas' substantive policy).

The Court therefore **ORDERS** that the Report and Recommendation (Doc. #18) is **ADOPTED in PART and OVERRULED in PART**. The Defendants' Motion to Dismiss (Doc. #5) is **DENIED, in part,** as to Plaintiffs' false arrest claims and **GRANTED, in part,** as to Plaintiffs' malicious prosecution cause of action. Plaintiffs' malicious prosecution cause of action is therefore **DISMISSED** with prejudice. All other causes of action remain pending as recommended by the magistrate judge.

**SIGNED this 15th day of September, 2020.**

_____
Michael J. Truncale
United States District Judge